# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CASE NO. 3:14-CR-00129 |
| | ) | JUDGE REEVES |
| BOBBY McKINNEY | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's *pro* se motion to suspend payment of restitution until his release from prison [R. 41]. In support of his motion, defendant states that he has been transferred the Bureau of Prisons facility at Danbury, Connecticut, and his job prospects are limited.

On September 11, 2015, defendant was sentenced to 120 months imprisonment for distribution of child pornography. He was ordered to pay $3,000.00 in restitution to the victims of the offense.

Defendant is not disputing the total amount of restitution ordered by the court; rather he challenges his payment schedule under the Inmate Financial Responsibility Program, a program administered by the Bureau of Prisons. A defendant raising a challenge under this program must first exhaust his administrative remedies. *Urbina v. Thomas,* 270 F.3d 292, 295 n.1 (6th Cir. 2001) (noting that "the Bureau of Prisons should be given the opportunity to consider the application of its policy . . . before the matter is litigated in the federal courts"). The Bureau of Prisons has defined processes by which a federal prisoner may

"seek formal review of an issue relating to any aspect of his confinement." 28 C.F.R. § 542.10. Defendant does not indicate that he has pursued these remedies. Only after exhausting them may he properly litigate his claim in court. Accordingly, the court finds that defendant's motion to suspend payment of restitution until his release from prison [R. 41] is premature. The motion is **DENIED.** The clerk of the court is directed to forward a copy of this order to the Defendant's last known address.

    **IT IS HEREBY ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**